## STATE OF HAWAII, Plaintiff-Appellee, *v.* JAMES HAROLD THOMPSON, Defendant-Appellant

### NO. 6670

JUNE 27, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* This is an appeal by the defendant who was convicted of Forgery in the Second Degree in violation of HRS § 708-852 on February 15, 1977.

In early February of 1976, one Allen Dorsey wrote to his sister in California asking her for money. Since he did not have a mailing address, Dorsey requested that the money be mailed to the Hawaii State Hospital in care of a Mr. Hagenlocker who was staying there at the time. Toward the end of February 1976, Hagenlocker left the Hawaii State Hospital and, together with Dorsey, went to Maui. While on Maui, since he did not receive the money, Dorsey contacted his sister inquiring about the money. He was told that a Cashier's Check was mailed to him in care of the Hawaii State Hospital. Dorsey then requested and received a copy of the Cashier's Check. The check showed two endorsements, his and the defendant's.

Based upon this information, Dorsey filed a complaint with the bank and thereafter an investigation was made. In

the course of the investigation, the defendant gave written statements to Mr. J. Rex Watkins, Bank of Hawaii investigator, Mr. Donald Wilson, U.S. Secret Service Agent, and Mr. William Ko, U.S. Customs inspector, admitting opening the mail, taking the check, forging Dorsey's name and depositing the check in his own savings account. Also in his admissions, the defendant made reference to another forgery involving a separate check concerning Hagenlocker and depositing the same in his savings account. These statements were admitted in evidence at the time of the trial. The defendant testified at the trial that on or about February 16, 1976, he did receive a letter in a plain white envelope addressed to Dorsey but without a return address, and this letter was not forwarded to Dorsey as he did not have any forwarding address for him; that as Resident-Manager of the Aikahi Ward, Hina Mauka Center (a center for the treatment of alcoholics at the State Hospital), the defendant held on to the letter intending to give it to Dorsey in the event he returned but, subsequently, he opened the letter to see if there was enclosed within a forwarding or return address. As there was none, the defendant testified that he forged Dorsey's name and deposited the check in his own savings account for the purpose of safekeeping and denied that he had any intent to defraud Dorsey.

Defendant's main contention on appeal is that the trial judge erred in allowing into evidence defendant's written statements which referred to another forgery (Hagenlocker's check).

We disagree.

While evidence of other crimes is generally inadmissible to prove that a defendant has committed the crime for which he is charged, such evidence is admissible under certain exceptions. *State v. Murphy,* 59 Haw. 1, 7, 8, 575 P.2d 448, 451 (1979); *State v. Iaukea,* 56 Haw. 343, 350, 351, 537 P.2d 724, 726 (1975). Evidence of other crimes is admissible if it is found to be relevant and to have a tendency to establish the offense charged and when it helps to establish one of five issues: intent, motive, absence of mistake or accident, identity, or common scheme or plan. *Murphy, supra; Iaukea,*

*supra.* In the present case, evidence that the defendant previously forged and deposited in his account the check of another patient (Hagenlocker) at the hospital was introduced to prove that, contrary to appellant's assertions, he did have the intent to defraud Dorsey. Thus, the use of the prior forgery was clearly relevant to prove the intent element of the forgery charge. Furthermore, the probative value of the evidence outweighed and prejudicial effect it might have had.

Accordingly, we find the evidence of appellant's prior forgery to have been properly admitted by the trial court.

We have examined appellant's other contentions and find them to be without merit.

Affirmed.

*Dwight Tanaka (Chester M. Kanai* on the brief) Deputy Public Defenders, for defendant-appellant.

*Peter B. Carlisle (Ralph R. La Fountaine* and *Janice T. Futa* on the briefs) Deputy Prosecuting Attorneys, for plaintiff-appellee.